Lópéz, Peticionaria, *v.* Cuevas Zequeira, Juez de Distrito, Demandado.

Solicitud para que se expida un mandamiento de *certiorari* al Juez de la Corte de Distrito de Humacao en una causa sobre nombramiento de tutor.

No. 142.—Resuelto en julio 20, 1915.

Tutela—Cuentas de la Tutela—Rendición y Revisión de las Mismas—Discreción Judicial—Ordenes Inconvenientes.—En cuestiones sobre rendición y revisión de cuentas de la tutela, si bien los jueces de distrito tienen cierta discreción, es una buena práctica que se dé al tutor del menor la oportunidad de ser oído antes de dictarse cualquier orden que pueda traer consigo inconveniencias injustificadas.

Id.—Fianza Amplia y Suficiente—Pago de Cuentas—Cheques Refrendados por el Juez.—Cuando en el ejercicio de una tutela el tutor ha prestado fianza amplia y suficiente para responder del cargo, es innecesaria cualquier disposición relativa a que los cheques para pago de cuentas sean refrendados por el juez.

Id.—Estado Mensual de los Cheques Pagados—Orden para Presentarlo.—Una orden para que se presente mensualmente a la corte un estado de los cheques pagados con fondos de la tutela debe ser dirigida al tutor y no al banco donde se encuentran depositados dichos fondos.

Los hechos están expresados en la opinión.

Abogados de la peticionaria: *Sres. Víctor Burset y Arturo Aponte, Jr.*

Abogado del demandado: *Sr. Salvador Mestre, Fiscal.*

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

El día 21 de abril, 1915, la Corte de Distrito de Humacao dictó la siguiente resolución:

"Por cuanto, Da. Josefa López de Bustelo, como tutora de la menor Palmira López Guzmán, en el mes de octubre de 1914, radicó en la secretaría de este tribunal la cuenta de la tutela de dicha menor comprendiendo el período desde el 13 de julio de 1913 hasta el 12 de julio de 1914 sin que esté jurada dicha cuenta y de la cual resulta que los ingresos durante dicho período ascendieron a la suma de $48,047.72, y los egresos a $47,998.66, resultando por tanto un beneficio líquido únicamente de $49.06.

"Por cuanto, existen en dicha cuenta partidas englobadas de cantidades cargadas por todo un año y la presentación de dichas cuentas por anualidades vencidas hace muy difícil la fiscalización de dichas cuentas por esta corte, con perjuicio de dicha menor.

"Por cuanto, los intereses de dicha menor exigen la rendición de cuentas *mensuales* 'juradas' por la tutora.

"Por tanto, la corte por la presente ordena a la tutora Da. Josefa López de Bustelo que a más tardar el 1 de mayo de 1915 presente una cuenta 'jurada' de dicha tutela a contar desde el día 12 de julio de 1914 hasta el 1 de abril de 1915 y que a partir de esa fecha e incluyendo desde el 1 de abril de 1915 presente mensualmente a esta corte las cuentas de dicha tutela debidamente juradas por ella, cuyas cuentas mensuales deben quedar radicadas en la secretaría de esta corte dentro del improrrogable plazo de diez días del mes siguiente al cual se refiere la cuenta, apercibida dicha tutora de que esta orden deberá ser cumplida en todos sus extremos, sin ninguna clase de excusa o pretexto.

"Copia de esta orden deberá ser notificada por el márshal de este tribunal a dicha tutora en persona inmediatamente. Humacao, P. R., abril 21 de 1915. (Fdo.) R. Cuevas Zequeira, Juez de Distrito."

Dos días después de esta resolución la corte dictó otra resolución en los siguientes términos:

"Por cuanto, Da. Josefa López de Bustelo, como tutora de la menor Palmira López Guzmán, en el mes de octubre de 1914 radicó en la secretaría de este tribunal la cuenta de la tutela de dicha menor comprendiendo el período desde el 13 de julio de 1913 hasta el 12 de julio de 1914, de cuya cuenta resulta que los ingresos durante dicho período ascendieron a la suma de $48,047.72 y los egresos a $47,998.66, resultando un beneficio líquido únicamente de $49.06.

"Por cuanto, de dicha cuenta no es posible apreciar si los pagos que se hacen por cuenta de dicha tutela lo son en efectivo o por medio de cheques, ni tampoco en donde se guarda el dinero de dicha tutela, cuyo montante durante el período en el párrafo anterior montó a $48,047.72.

"Por cuanto, los intereses de dicha menor y la fiscalización de las cuentas de dicha tutela exigen que los pagos se hagan únicamente por medio de cheques expedidos por la tutora y que el dinero ingrese en una institución bancaria designada por este tribunal.

"Por tanto, la corte por la presente ordena a la tutora Da. Josefa López de Bustelo, que a partir desde el día de hoy, ingresará todo el dinero que se reciba por razón de dicha tutela en la sucursal de Humacao de "El Banco Comercial de Puerto Rico' y que la cuenta en dicho banco se abrirá a nombre de la menor Palmira López Guzmán y que solamente pueden expedirse cheques contra dicha cuenta mediante la firma de la tutora Da. Josefa López de Bustelo, cuyos cheques han de quedar refrendados y autorizados con la firma del juez de esta corte, debiendo expedirse cheques separados e independientes para cada gasto distinto que haya necesidad de pagar, quedando terminantemente prohibido el que se hagan pagos en efectivo. Dicha institución deberá mensualmente presentar a esta corte un estado de dicha cuenta, radicando en este tribunal los cheques expedidos por la tutora con la firma del juez de esta corte.

"Copia de esta orden deberá ser notificada por el márshal de este tribunal a dicha tutora en persona inmediatamente, apercibida

.de que esta orden deberá ser cumplida en todos sus extremos, sin ninguna clase de excusa o pretexto. (Fdo.) R. Cuevas Zequeira, Juez de Distrito.''

Por virtud de un recurso de *certiorari* instado por la tu tora Josefa López de Bustelo, ambas resoluciones transcritas están sometidas a nuestra revisión.

Expedido el auto, la corte de distrito elevó a esta Corte Suprema los procedimientos originales y en un escrito de siete páginas que se designa como contestación a la petición, expuso y alegó varios hechos adicionales y razones en los cuales sostiene que fundó las dos resoluciones impugnadas La peticionaria hace un fuerte ataque a la corte inferior en un extenso alegato, tanto en lo que respecta a los hechos, como en cuanto se refiere a la ley. En el alegato que como contestación presentó el juez de distrito pretende sostener su posición.

Opinamos que las cortes de distrito tienen cierta discre ción en cuestiones de esta naturaleza; 5 Scaevola, 67, 68, 234; 1 Falcón, 366, 2 Manresa, 374, *Gaillard* v. *Foster,* 15 La. Ann., 121; pero también creemos que hubiera sido mejor práctica que el juez hubiera dado a la peticionaria alguna oportunidad .de ser oída antes de haber dictado cualquiera de las órdenes en cuestión. Por otra parte, si la peticionaria hubiera hecho en forma procedente y respetuosa en la corte inferior una relación de los hechos y una explicación tan amplia de toda la cuestión como la que fué sometida a la consideración de este .tribunal en este procedimiento, pudiera, tal vez, haber obtenido, y sin duda que todavía puede obtener mediante la debida solicitud, el remedio que pueda ser necesario contra cualquier inconveniente injustificado que resulte de una u otra de las resoluciones dictadas. Si se viera que el juez de distrito se inclinaba a abusar de su discreción después de haber sido sometidos debidamente todos los hechos a su consideración, dicho abuso podría ser corregido rápida y prontamente; pero no creemos que sea necesario, dadas las circunstancias que

rodean a esta controversia indebida, discutir ahora en sus pormenores estas cuestiones.

En vista del hecho de que la peticionaria tiene prestada una amplia fianza, creemos que la disposición relativa a que todos los cheques deberán ser refrendados por el juez de distrito, es innecesaria. Si resultara que el requisito referente a la rendición de cuentas mensuales era poco aceptable por producir serios inconvenientes a la peticionaria, podría modificarse por la corte inferior al serle presentada la debida prueba respecto a ese extremo.

La disposición referente a la expedición de cheques por separado para todos y cada uno de los gastos, así como la prohibición de no verificar ningún pago en efectivo, en la manera absoluta en que aparecen en las resoluciones impugnadas, no es posible aceptarlas. Desde luego que en la práctica corriente tendrían que ser interpretadas de acuerdo con el sentido común y que por tanto no se llegaría nunca a los casos extremos que imagina la peticionaria, pero entendemos que el juez del distrito, para mayor claridad, debe modificarlas bajo la base de que el método ordinario de verificar los pagos en la tutela, sea por medio de cheques, pudiendo pagarse en efectivo en aquellos casos en que como, por ejemplo, los jornales de los labradores y pequeños empleados de las fincas rústicas, la costumbre y la necesidad requieren que se lleven a efecto de tal modo. El juez de distrito, después de una cuidadosa investigación de los hechos, podría ordenar que a partir de determinada suma, los pagos se hicieran por medio de cheques.

La disposición relativa a que el banco en donde se manda depositar los fondos de la tutela, presente mensualmente a la corte un estado de todos los cheques pagados, debe ser sustituída por otra que ordene a la tutora que presente dichos cheques con sus talones, la libreta de banco y la lista de los cheques devueltos, después de hacerse el balance de las cuentas en las fechas razonables y regulares que se fijen, o bien

por cualquiera otra parecida que la corte estime necesaria y conveniente, dirigida siempre a la tutora y no al banco.

El tono general de las resoluciones impugnadas revela cierto celo tal vez excesivo por parte de la corte de distrito. Debido a esta circunstancia, nos vemos obligados a abstenernos de hacer la crítica, que de no ser por esto hubiera sido necesario hacer, de los términos en que está redactado el alegato de la peticionaria.

Deben confirmarse los procedimientos que han sido impugnados menos en los particulares que anteriormente han sido expresamente desaprobados y devolverse el caso para que se actúe de nuevo sobre el mismo en forma que no sea incompatible con esta opinión.

> *Confirmadas las órdenes de abril 21 y 23,*
> *1915, menos en los particulares que expre-*
> *samente se desaprueban en la opinión.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.